STATE of Utah, Plaintiff and Appellant,

v.

Robert W. BOWEN, Defendant and Respondent.

No. 16913.

Supreme Court of Utah.

Nov. 12, 1980.

Robert B. Hansen, Atty. Gen., Ernie Jones, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellant.

Dale Stratford, Ogden, for defendant and respondent.

HARDING, District Judge:

Robert W. Bowen, respondent herein, was elected to the office of County Commissioner of Weber County, Utah, in November, 1978, and assumed the duties of that office in January, 1979. After he took office, proceedings were instituted against him for having obtained unemployment insurance benefits by means of false representations made prior to the time of his election as a County Commissioner. A complaint was filed in the Third Circuit Court of Weber County, and in August, 1979, respondent was convicted of 32 counts of such false representations, all of which were class B misdemeanors. In December, 1979, pursuant to Sections 77–7–1 and 77–7–2, U.C.A. 1953, as amended, an accusation by the Weber County Grand Jury was filed in the

1. Constitution of Utah, Article IV, Section 6.

District Court of Weber County, Utah, to remove respondent from the office he held as a County Commissioner. The accusation alleged that the convictions obtained against him the previous August had involved issues of "moral turpitude" on his part.

In accordance with Section 77–7–7, U.C.A.1953, as amended, a written objection to the accusation was filed by respondent, and he moved to dismiss it. The court ruled that the respondent's misdemeanor convictions involved "moral turpitude," but that removal was justified only if the false representations were made while respondent was serving in office. The accusation was dismissed, and the State appeals.

The statute under which the proceeding was initiated is Section 77–7–1, U.C.A.1953, as amended, and reads as follows:

All officers of any city, county or other political subdivision of this state not liable to impeachment shall be subject to removal as provided in this chapter upon being convicted of a felony, an indictable misdemeanor, a misdemeanor involving moral turpitude or malfeasance in office.

The Constitution of the State of Utah provides that persons who are convicted of treason or a crime against the elective franchise are ineligible to hold office in this state.[1] Also, persons who have been impeached are disqualified from holding office.[2]

Except as above stated, our Constitution does not make persons who have committed crime ineligible for public office.

It is the appellant's contention that if a person commits a crime involving moral turpitude and is later elected to and installed in public office, he can be charged with having committed such crime and, if convicted, can be immediately removed from his office under the provisions of Section 77–7–1, above set forth. Of course, the statute of limitations would determine how far back into a person's life the search for such offense could extend.

2. Constitution of Utah, Article VI, Section 19.

Respondent contends that any such offense must have been committed during the person's term of office.

There is a definite conflict in authority on this question.[3] We think it is implicit from the above constitutional and statutory provisions that the offense must occur while the person is serving in the office from which it is sought to remove him. This also seems to be the great weight of authority.[4]

The trial court properly granted the motion to dismiss.

Affirmed.

CROCKETT, C. J., and WILKINS, HALL and STEWART, JJ., concur.

MAUGHAN, J., does not participate herein.

---

3. Anno. 42 A.L.R.3d 691.

4. *State ex rel Turner v. Earl*, Florida, 295 So.2d 609 (1974).